# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAE SMITH, as Personal Representative of
the Estate of Carl Ashley, Deceased, for and
on behalf of the survivors of the Estate of
Carl Ashley, CARL ASHLEY, minor
surviving child of Carl Ashley, THE
ESTATE OF CARL ASHLEY,**

           **Plaintiffs,**

**-vs-**                                        **Case No.  6:06-cv-715-Orl-31JGG**

**BREVARD COUNTY, FLORIDA,
BREVARD COUNTY SHERIFF, OFFICER
REGINA ELLIS, PRISON HEALTH
SERVICES, CIRCLES OF CARE, INC.,
AMY DIAMOND, JOHN DOE II, JOHN
DOE III, and OFFICER ZIMMERMAN,**

           **Defendants.**

_____

# ORDER

This matter comes before the Court on the Plaintiffs' motion for rehearing (Doc. 57),

which seeks reconsideration of this Court's earlier order (Doc. 54) which, *inter alia*, dismissed

with prejudice Counts I through IV of the First Amended Complaint against Brevard County

Sheriff Jack Parker ("Parker").  The Plaintiffs failed to specify whether those four counts – all

involving Section 1983 claims – were intended to be brought against Parker individually or in his

official capacity as sheriff.  (Doc. 54 at 10 n. 10).  In its order, the Court stated that if those claims

had been brought against Parker as sheriff, "they are duplicative of Count VI brought against

[Brevard] County, and thus are dismissed."  (Doc. 54 at 10 n.10).  (Count VI was a "policy,

custom, or usage" Section 1983 claim brought against the County, attempting to hold it

responsible for, *inter alia*, the staffing and safety shortcomings for which Parker was faulted in the first four counts.  Count VI was dismissed without prejudice.  (Doc. 54 at 22.)  In an abundance of caution, the Court also addressed Counts I - IV as though they had been brought against Parker individually.  (Doc. 54 at 10 n. 10).

The Plaintiffs now complain that they intended to file the claims against Parker in his official capacity.  They also complain that the Court erred in dismissing Counts I - IV, on the grounds that Florida law makes both the sheriff in his official capacity and the county proper defendants in any suit involving prisoner treatment at a county jail.  (Doc. 57 at 2).  The Court finds that, while the dismissal of Counts I - IV was not in error – because they were subject to the same deficiencies as Count VI – to the extent that Counts I - IV were brought against the sheriff in his official capacity, the dismissal should have been without prejudice.[1]  Accordingly, it is

**ORDERED** that the Plaintiffs' motion for rehearing (Doc. 57) is **GRANTED**, and this Court's order of August 14, 2006 (Doc. 54) is **AMENDED** so that the dismissal of Counts I - IV shall be **WITHOUT PREJUDICE.**  The Plaintiffs shall have twenty days from the date of this order to file an amended complaint.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 29, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1]To the extent Counts I - IV were brought against Parker individually, dismissal with prejudice was proper, as the Court found that Parker was entitled to qualified immunity.  (Doc. 54 at 11 n.13)