UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAE SMITH, et al.,

                 **Plaintiff,**

-vs-                                          **Case No. 6:06-cv-715-Orl-31JGG**

BREVARD COUNTY et al.,

                 **Defendants.**

_____

# ORDER

       This case arises out of the events surrounding the death of Carl Ashley ("Ashley"). This matter comes before the Court on Motions to Dismiss filed by the Defendants, Prison Health Services, Inc. ("PHS") (Doc. 70) and Brevard County, Florida (the "County") (Doc. 71) and Plaintiff's Responses thereto (Docs. 81 & 82).

## I. Background

### A. The Parties

       The Plaintiff, Mae Smith, is the personal representative of the estate of Ashley. She brings this action on behalf of the survivors of the estate, including, Phillip Salley, a minor surviving child of Ashley's, Barbara Ashley, surviving parent, and the estate of Carl Ashley, deceased.

       The County is a political subdivision of the State of Florida. The County owns and maintains the Brevard County Detention Center ("BCDC"). PHS is a Delaware corporation conducting business in Brevard County, Florida pursuant to a contractual relationship that existed between PHS and the County and/or the Sheriff.

*B. Facts*

Ashley was incarcerated at BCDC on December 5, 2003.  (Doc. 62 at 5).  During his incarceration, Ashley expressed to several family members and friends that he wanted to commit suicide.  Id.  Between December 5, 2003, and Ashley's death on January 13, 2004, several family members and friends both called and went to BCDC to inform employees at BCDC that Ashley was suicidal.  Id.

On or about January 13, 2004, due to jail overcrowding, Ashley was sleeping on the day room floor and the door to a cell was left open so that the inmates could use the restroom.  Id. at 6.  On this date, Ashley hung himself in that cell.  Id.  Officers at BCDC attempted to revive Ashley but were unsuccessful.  Id.

*C. Plaintiff's Claims*

In Count 4 of the Second Amended Complaint (Doc. 62), Plaintiff asserts a cause of action under 42 U.S.C. § 1983 ("§1983") against the County for violating Ashley's Fourteenth Amendment rights, alleging that the County had policies, customs or usages which included: failing to provide adequate medical care, mental health care, housing or otherwise humane conditions to inmates and failing to notify medical staff and seek medical treatment for inmates. The Plaintiff asserts that as a result of these constitutional deprivations, Ashley suffered physical injury, pain, suffering, and emotional distress which caused his death.

In Count 5, Plaintiff asserts a cause of action for wrongful death under Fla. Stat. §§ 768.16 *et seq.* against the County, alleging that the wrongful acts of the County were proximate causes of Ashley's death.

In Count 6, the Plaintiff asserts a cause of action under §1983 against PHS for violating Ashley's Fourteenth Amendment rights, alleging that PHS had policies, customs, or usages whereby PHS through its employees and/or agents: failed to provide adequate mental health care or medical care to inmates; failed to properly diagnose and identify mental health problems, and failed to train Brevard County Sheriff's Employees to identify, monitor and otherwise treat inmates who are known suicide risks.  Plaintiff asserts that these constitutional deprivations, caused Ashley's death.

## II.  Standard of Review

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto.  *Scheuer v. Rhodes,* 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a

cause of action.  *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).

Instead, the complaint need only "contain either direct or inferential allegations respecting all the

material elements necessary to sustain a recovery under some viable legal theory."  *Id.* (internal

citation and quotations omitted).  "A complaint need not specify in detail the precise theory giving

rise to the recovery.  All that is required is that the defendant be on notice as to the claim being

asserted against him and the grounds on which it rests."  *Sams v. United Food and Comm'l

Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

## III. Legal Analysis

### A. Prison Health Services (Count 6)

PHS asserts that the Plaintiff's claims against it should be dismissed because the Plaintiff

has failed to meet the criteria required to plead a cause of action for prisoner suicide pursuant to

§1983.  (Doc. 70 at 3).

In order to succeed on a §1983 claim in a prisoner suicide case, "the plaintiff must show

that the jail official displayed deliberate indifference to the prisoner's taking of his own life."

*Cook v. Sheriff of Monroe County, Fl.,* 402 F.3d 1092, 1115 (11th Cir. 2005) (internal citations

omitted).  In order to establish deliberate indifference, the plaintiff must show that the defendant:

(1) had subjective knowledge of a risk of serious harm, and (2) disregarded that risk (3) by conduct

that is more than mere negligence.  *Id.* (internal citations omitted).  The deliberate indifference

standard requires that the defendant deliberately disregard "a strong likelihood" rather than a mere

possibility that the self-infliction of harm will occur.  *Id.* (internal citations omitted).

Plaintiff asserts that family members and friends called and went to BCDC in person to

inform "PHS...and [its] agents and employees that Ashley was suicidal."  (Doc. 62 at 5).  This

allegation is sufficient to satisfy the first prong of the deliberate indifference test. Plaintiff also asserts that PHS, after receiving knowledge of Ashley's suicidal tendency, did nothing to prevent Ashley from self-infliction of harm. (Doc. 62 at 6). This allegation satisfies the second prong of the deliberate indifference test. Finally, Plaintiff satisfies the third prong of the deliberate indifference test by alleging that: (1) PHS had knowledge of Ashley's suicidal tendencies, and (2) PHS did nothing to prevent Ashley's suicide. In fact, Plaintiff alleges that on the evening of Ashley's death he was sleeping unattended on the day room floor and had access to a cell which was left open so inmates could use the restroom. (Doc. 62 at 6). These allegations illustrate a deliberate disregard of a strong likelihood that self-inflicted harm will occur.

For these reasons, Count 6 will not be dismissed.

*B. Brevard County (Counts 4 and 5)*

The County asserts that the Plaintiff's claims against it should be dismissed for the following reasons: (1) sovereign immunity protects the County from wrongful death liability where the County engages in planning level decisions such as decisions regarding prison funding and improvements; and (2) the Plaintiff has failed to allege the requisite elements to impose municipal §1983 liability.

## 1. Wrongful Death (Count 4)

The County correctly asserts that it cannot be liable for planning level decisions. *White v. Palm Beach County,* 404 So.2d 123 (Fla. 4th DCA 1981). The Florida Supreme Court has adopted an operational/planning analysis in identifying which acts of a governmental entity remain immune from tort liability. *Id.* at 124 (citing *Commercial Carrier Corp., v. Indian River County,* 371 So.2d 1010 (Fla. 1979)). Under this analysis, "operational level decisions and actions are not

immune while decisions at the planning level remain immune." *Id.*   In order for the County to be liable for wrongful death under Florida law, it must be alleged that the County is involved in the "actual operation" of the jail. *Id.*

Any inadequacies of the jail caused by the jail's overcrowding or under staffing is considered a planning decision under Florida Law and is within the protection of the sovereign immunity doctrine. *Id.* Here, the Plaintiff has failed to allege that the County was involved  in the actual operation of BCDC.  Accordingly, Count 4 will be dismissed.

### 2.  §1983 Claim (Count 5)

In order to succeed on a municipal §1983 claim, a plaintiff must show: (1) the violation of one's constitutional rights; (2) a municipal policy or custom which constituted deliberate indifference to that right; and (3) the policy or custom which caused the violation.  *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th. Cir. 2004) (internal citations omitted).  Demonstration of a policy or custom generally requires a plaintiff to show a "persistent and wide spread practice." *Id.* at 1290 (internal citations omitted).

In the Complaint, Plaintiff asserts that Ashley's constitutional rights were violated when the County: (1) failed to provide adequate medical and mental health care treatment; (2) failed to provide housing and otherwise humane conditions to inmates: and (3) failed to notify medical staff and seek treatment for inmates.  (Doc. 62 at 17),  These allegations are sufficient to satisfy the first element required in a §1983 municipal liability claim.

Additionally, the Plaintiff alleges that the County created and allowed policies, customs, or practices whereby it allowed: (1) an overcrowded condition in violation of a court order; (2) a failure to establish guidelines and procedures for training officers on how to deal with inmates

who needed medical attention; and (3) an inadequate number of medical staff on duty for the number of inmates incarcerated.  (Doc. 62 at 16-17).  These allegations are sufficient to satisfy the second element required in a §1983 municipal liability claim because these allegations illustrate persistent, wide spread practices which display a deliberate indifference to Ashley's constitutional rights.  Finally, where Plaintiff alleges that Ashley's death was a result of the policies and customs described (Doc. 62 at 17), Plaintiff has set forth sufficient allegations to demonstrate that the policies or customs caused the violation.

Therefore, Count 5 will not be dismissed.

## IV. Conclusion

For the reasons stated herein, it is

**ORDERED** that the Motion to Dismiss filed by PHS (Doc. 70) is **DENIED** and the Motion to Dismiss filed by the County (Doc. 71) is **GRANTED** in part and **DENIED** in part. Count 4 of Plaintiff's Complaint is **DISMISSED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party